# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER NAVARRO VILLEGAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 1:22-cv-01628-ADA-SAB<br><br>ORDER VACATING ALL DATES AND DEADLINES PURSUANT TO NOTICE OF SETTLEMENT, ORDERING DISPOSITIONAL DOCUMENTS, AND ADVISING PARTIES OF COURT'S PRACTICE CONCERNING RETENTION OF JURISDICTION<br><br>(ECF No. 28)<br><br>**DEADLINE: OCTOBER 11, 2023** |

      Plaintiff filed this action in the Superior Court of the State of California, County of Fresno on November 4, 2022. (ECF No. 1.)  The action was removed to the Eastern District of California on December 21, 2022. (Id.)  On September 20, 2023, the parties filed a joint notice of settlement. (ECF No. 28.)  The filing indicates that the parties are in the process of finalizing the terms and performance attendant to that resolution; and once the parties complete that performance, they will submit to the Court the necessary dismissal papers.  In the interim, the parties ask that the Court vacate all deadlines in this matter and retain jurisdiction until the settlement terms are completed.

      As the filing contains no specific date by which the parties will complete *performance* under the settlement agreement and file the stipulation of dismissal, the Court shall require Plaintiff to file dispositional documents within twenty-one (21) days, consistent with the Local Rule. See L.R. 160(b) ("[T]he Court shall fix a date upon which the documents disposing of the

1

action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). At that point, if Plaintiff requires additional time to file dispositional documents as to the Defendant, Plaintiff may request an extension of the deadline upon a demonstration of specific good cause. However, in this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action. Further this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that:

1. All pending dates and matters are VACATED; and
2. The parties shall file dispositional documents on or before October 11, 2023.

IT IS SO ORDERED.

Dated:   **September 21, 2023**

_____
UNITED STATES MAGISTRATE JUDGE